**STATE ex ELLIS v HEUCK, Aud, et**

Ohio Appeals, 1st Dist, Hamilton Có

Decided Feb 15, 1932

John D. Ellis, City Solicitor, and Edward F. Alexander, Cincinnati, for plaintiff.

Robert N. Gorman, County Prosecutor, Jack B. Josselson, and R. E. Simmonds, Jr., Cincinnati, for defendants.

HAMILTON, J.

The demurrers admit the facts of the petition properly pleaded. We have, therefore, a question of law as to the sufficiency of the petition to entitle the relator to the mandatory writ prayed for.

The statute, being §3557-1, GC, is as follows:

"When proceedings have been commenced to annex a portion of a township, or portions of more than one township, to a municipal corporation upon which the tax levies made by the trustees of such township or townships for the payment of the township debt do not apply, the auditor of the county in which said territory is located shall ascertain and apportion the amount of existing net indebtedness of the township which shall be assumed and paid by the municipal corporation. The apportionment shall be made in the proportion of the total duplicate for the annexed territory transferred to the municipal corporation to the total tax duplicate remaining in and for the unannexed portion of the township or townships. He shall ascertain, adjust and divide between the municipal corporation and the unannexed portion of the township or townships any unencumbered balance on hand to the credit of any fund of such township, in the same proportion as is herein provided for division and apportionment of indebtedness. Provided, however, that no division shall be made of a balance in any fund of a township that is required by law for the retirement of its indebtedness. In case any net indebtedness is assumed by the municipal corporation as herein provided, the council or other legislative authority of such municipal corporation shall provide for the payment of the same, by the levy of taxes therefor, or by the appropriation from an appropriate fund; and the proceeds of such tax levies or appropriation shall be transferred to the proper authorities of the township for the final redemption of its indebtedness. The apportionment provided in this section shall not be in effect until it is accepted by ordinance or resolution of the council or other

legislative authority of such municipal corporation. The passage of such resolution or ordinance shall be necessary to the validity of the annexation."

We do not find it necessary to make an extended discussion or analysis of the whole section of the statute to determine the question of law. The last two sentences of the section determine the question. They are: "The apportionment provided in this section shall not be in effect until it is accepted by ordinance or resolution of the council. * * * The passage of such resolution or ordinance shall be necessary to the validity of the annexation."

Under this provision of the law, it becomes apparent that the relator is not entitled to the relief asked. The auditor made his apportionment. Had the city of Cincinnati been dissatisfied with the apportionment, it had the opportunity to object, and to seek other basis for apportionment than was used by the auditor, and, if not made satisfactorily, it could refuse to accept, by ordinance or resolution, the apportionment. Whereupon, no annexation would have taken place.

We have not been aided in determining this case by the attempt at pastoral blank verse in the brief of counsel for the township trustees, or by the caustic reply thereto in the brief of counsel for plaintiff.

What we are asked to do here amounts to this: That we should set aside the ordinance approving the apportionment and proceed to compel an apportionment on the basis conceived to be proper by the relator. Of course, the effect of this would be to defeat annexation of the territory.

The apportionment having been accepted by council, by legislative act, thereby completing the annexation of the territory, the court is without power to take any action the effect of which would be to set aside the ordinance and defeat annexation.

If Green township has moneys belonging to the city of Cincinnati, this is not the way to collect.

The demurrers to the petition will be sustained, and the writ refused at the costs of the relator.

Writ refused.

ROSS, PJ, and CUSHING, J, concur.